**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**UNITED STATES OF AMERICA**

v.                                                          **Criminal No. 1:08-0073**

**TERRY LEON BLANKENSHIP**

**<u>MEMORANDUM OPINION AND ORDER</u>**

The United States has filed a Motion to detain Defendant pending trial (Document No. 6.). Based upon the applicable law and the evidence, the Court grants the United States' Motion.

**<u>PROCEDURAL AND FACTUAL BACKGROUND</u>**

Defendant is charged in a Three Count Indictment with attempting to distribute child pornography from or about November, 2006, through on or about February 9, 2007 (Count One), and receiving and attempting to receive child pornography on or about November 11, 2006 (Count Two), in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) and "possessing materials . . . containing hundreds of images and videos of child pornography" on or about February 9, 2007 (Count Three), in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). The United States has moved to detain Defendant pending trial in the District Court asserting that (1) this case involves a crime of violence; (2) there is no condition or combination of conditions of release which will reasonably assure the safety of the community; and (3) the rebuttable presumption as set forth in 18 U.S.C. § 3142(e) applies because Defendant is charged with a crime which involves a minor victim.[1] The Pretrial Services Report indicates that Defendant is 39 years old, dropped out of school in the ninth grade and has no further education, has lived in Mercer County, West Virginia, all of his life and rents his current residence from his father, has no children and works as a body mechanic in

---

[1] The United States does not contend that Defendant poses a risk of flight or nonappearance.

restoring old cars at a private garage in Princeton, West Virginia. The Pretrial Services Report indicates that Defendant was charged with DUI in 1987, and his driver's license was suspended for 90 days. It further indicates that Defendant was charged with brandishing a firearm in 2002. It appears that Defendant pointed the firearm at his brother causing his brother to think that Defendant was going to shoot him. A warrant was issued for Defendant's arrest, and the matter is pending in the Circuit Court of Mercer County, West Virginia.[2] The Office of Probation recommends detention citing a study of inmates in the Sex Offender Treatment Program conducted in 2000 at FCI Butner indicating that a high percentage of persons convicted of possessing and distributing child pornography with no history of committing sexual crimes against minors admitted such conduct while in the treatment program. The Probation Office proposes therefore that the Court should not conclude that a person with no history of committing sexual crimes against minors poses little or no danger to the community. The Office of Probation further states that even on home confinement with electronic monitoring, it "could never be really sure what the defendant is doing during all the time he is programmed out [to work] in the community. Outlets to offend exist in a multitude of locations, including the library. Likewise, this defendant might have windows of potentially unaccounted for time and access to media or minors."

The undersigned arraigned Defendant and held a hearing upon the United States' motion to detain him on Tuesday, April 22, 2008. In contesting the United States' motion to detain him pending trial, Defendant argued that he was released and on bond without incident or violation from February 16, 2007, when the State charges were filed until April 11, 2008, when they were

---

[2] It appears from the Pretrial Services Report that Defendant's brother currently lives next door to him.

dismissed pending Defendant's federal indictment.[3] Defendant introduced the testimony of his wife, Ms. Ivorie Blankenship.[4] Ms. Blankenship testified that she met Defendant on August 25, 2006. She stated that she lived with Defendant at her parents' residence between September, 2006, and February, 2007, when Defendant was arrested upon State charges based upon the same circumstances which are the basis for the charges in this case. She testified that Defendant and his former wife were divorced in November, 2007, and she and Defendant were married on January 3, 2008, and have been living at the same address where Defendant lived with his former wife. She indicated that there is no computer in their residence. Defendant also pointed out that he has employment and his wife is not currently employed.

The United States introduced documents pertaining to the issuance of a Domestic Violence Protective Order in the Family Court of Mercer County on February 20, 2007, based upon an argument between Defendant and his former wife which appears to have developed when Defendant's former wife told him that she was going to turn his computer over to the police because it contained child pornography. Defendant's former wife testified that Defendant threatened to kill her if she did so, and Defendant denied it. The argument appears to have escalated quickly with both Defendant and his former wife engaging in a great deal of property destruction. The United States also introduced a copy of Defendant's February 16, 2007, mirandized confession by which Defendant admitted looking at child pornography on his computer. The United States urged that Defendant is charged with a crime of violence, has a history indicating that he is inclined to

---

[3] It appears from the Pretrial Services Report that Defendant was charged in the Mercer County Circuit Court in 86 Counts with possession of material visually portraying a minor engaged in sexually explicit conduct in violation of *W.Va. Code* § 61-8C-3, a felony permitting a prison term of not more than two years and a fine of not more than $2,000.

[4] The Pretrial Services Report indicates that Ms. Blankenship is 22 years old.

3

violence, has no set work schedule and if released could utilize the media and computers to obtain child pornography.

Having performed legal research and considered the circumstances in view of the factors contained in 18 U.S.C. § 3142(g), the Court was inclined to deny the United States' motion to detain Defendant. Finding through research that the United States occasionally successfully appeals the decisions of Magistrate Judges to release defendants charged with offenses involving child pornography pending trial, *See* United States v. Reiner, 468 F.Supp.2d 393 (E.D.N.Y. 2006); United States v. Colin, 2007 WL 4377723 (N.D.N.Y); *See also* United States v. Doyle, 2007 WL 1097844 (W.D.Va.)(defendant unsuccessful in seeking amendment or revocation of detention order); United States v. Enness, 2007 WL 2026129 (W.D.Mo.),  the Court continued the detention hearing in order to conduct further research and allow counsel further opportunity to study the law and present the basis for their clients' positions.[5] The detention hearing commenced again on Thursday, April 24, 2008. Counsel for the parties provided the Court with a copy of cases supporting their positions. Counsel for the United States proffered that Defendant was found to have possessed over 500 images of child pornography and videos. Counsel for the United States stated that the videos were the focus in Defendant's prosecution. They depict the severe bondage and torture of children including the hanging of a child from a ceiling and her sexual abuse. The evidence indicates that Defendant shared these videos with others. Counsel for the United States further stated that the evidence indicated that Defendant had chatted on the internet with children giving false descriptions

---

[5] The Court has also relied upon *United States v. Abad*, 350 F.3d 793 (8th Cir. 2003), in which the Eighth Circuit reversed and vacated the District Court's order releasing the defendant charged with traveling interstate to engage in sexual activity with a 13 year old girl; *United States v. Schenberger*, 498 F.Supp.2d 738 (D.N.J. 2007); *United States v. Hernandez*, 154 F.Supp.2d 240 (D.P.R. 2001); *United States v. Carney*, 2006 WL 3231950 (W.D.Pa.); and *United States v. Davila Sanchez*, 2006 WL 1236776 (D.P.R.).

of himself. In doing so, Defendant made no solicitations and his communications were not sexually explicit. Nevertheless, counsel for the United States emphasized that Defendant was actively seeking contact with children. Counsel for the United States further referred to United States v. Doyle, 2007 WL 1097844 (W.D.Va.), and United States v. Reiner, 468 F.Supp.2d 393 (E.D.N.Y. 2006), as indicating that electronic monitoring and home detention are insufficient to prevent defendants from obtaining child pornography through the use of cellular phones, computers and other such devices.[6] Defendant's attorney responded that the United States was so much as advocating that in this context there can never be circumstances appropriate for release when 18 U.S.C. § 3142 clearly contemplates that there are. Defendant's counsel called upon the language of United States Magistrate Judge Gauvey in United States v. Thomas, 2006 WL 140558, * 24 (D.Md.)(Citation omitted.) that "[i]t is imperative in [child pornography] cases that courts evaluate the evidence presented and apply the law, rather than allowing natural revulsion to overcome objective analysis. The Bail Reform Act requires a reasonable assurance, not a guarantee, of safety. Moreover, the probability and consequences of the defendant's prospective acts must be balanced against the

---

[6] In *United States v. Doyle*, 2007 WL 1097844 (W.D.Va.), Chief United States District Judge Jones stated that "[a]ny conditions placed on the defendant if he were released, such as electronic monitoring, would not prevent him from committing criminal acts similar to the ones described in the indictment and in the government's testimony, especially considering that pornographic images are widely available on the internet and can be easily accessed by a personal computer." In *United States v. Reiner*, 468 F.Supp.2d 393, 399 (E.D.N.Y. 2006), United States District Judge Bianco found that "if the defendant is not subject to home detention, there would be no way to monitor his activities during the course of the day, including his interaction with children, and his use of phones and the internet. Even if the Court were to order electronic monitoring and home detention of the defendant pending trial, that condition would not adequately address his ability to access phones or computers in his home which could be used for the type of illicit activities described above, even if steps were taken to try to prevent those items from being present or available in the house. In this day and age, with devices such as cell phones, Blackberries, and laptops, there are no conditions which can reasonably assure the safety of the community under the particular circumstances of this case if the defendant is released on bail."

proposed immediate restraint of the defendant's liberty, as he is presumptively innocent." Pointing out that Mr. Thomas was released on bond even though there was some evidence that he had videotaped sexual contact with a minor female, Defendant's attorney urged that home detention or incarceration with electronic monitoring and specific restrictions against using computers and being in the presence of children would reasonably assure that Defendant would not engage in further conduct involving child pornography. The Court took the matter under advisement.

## DISCUSSION

Under 18 U.S.C. § 2252A(a)(2)(A), it is a criminal offense knowingly to receive or distribute child pornography in interstate or foreign commerce by any means including by computer. Pursuant to 18 U.S.C. § 2252A(b)(1), the first conviction of violating or attempting to violate 18 U.S.C. § 2252A(a)(2)(A) is punishable by a term of imprisonment of not less than five years and not more than twenty years. Under 18 U.S.C. § 2252A(a)(5)(B) it is a criminal offense knowingly to possess child pornography which has been mailed, shipped or transported in interstate or foreign commerce including by computer. Pursuant to 18 U.S.C. § 2252A(b)(2), the first conviction of violating or attempting or conspiring to violate 18 U.S.C. § 2252A(a)(5)(B) is punishable by a term of imprisonment of not more than ten years.

Distribution, receipt and possession of child pornography in violation of 18 U.S.C. § 2252A amount to "crimes of violence" under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.* United States v. Thomas, 2006 WL 140558, *6 (D.Md. Jan.13 2006). The United States Supreme Court has concluded that the Bail Reform Act is regulatory because its aim is preventing danger to the community. It is not punitive. United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987). The Supreme Court stated that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. We hold that the provisions

for pretrial detention in the Bail Reform Act of 1984 fall within that carefully limited exception. The Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community which no condition of release can dispel." <u>United States v. Salerno</u>, 481 U.S. at 755, 107 S.Ct. at 2105. 18 U.S.C. § 3142(e) provides that "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under section . . . 2252A(1) . . . of this title." The Court stated in <u>United States v. Mercedes</u>, 254 F.3d 433, 436 (2nd Cir. 2001), as follows (Citations omitted):

> In a presumption case such as this, a defendant bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court. Even in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community. The government retains the ultimate burden of persuasion by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.

*See also* <u>United States v. Abad</u>, 350 F.3d 793, 797 (8th Cir. 2003); <u>United States v. Gilkeson</u>, 431 F.Supp.2d 270, 295 - 296 (N.D.N.Y. 2006). In determining whether the presumptions are rebutted the Court considers the factors set forth at 18 U.S.C. § 3142(g):

1. the nature and circumstances of the offense charged;
2. the weight of the evidence against the person;
3. the history and characteristics of the person including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings and whether he was under the supervision of any Court at the time of the current offense or arrest; and

4.      the nature and seriousness of the danger to any person and the community
        that would be posed by the person's release.

United States v. Mercedes, 254 F.3d at 436. If the Court determines that the presumption has been

rebutted and the United States has not met its burden of persuasion such that release is in order in

a case such as this, 18 U.S.C. § 3142(c) provides that "[i]n any case that involves a minor victim

under section 2252A(1) . . . of this title, . . . any release order shall contain, at a minimum, a

condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v),

(vi), (vii), and (viii)."

        Considering the factors set forth at 18 U.S.C. § 3142(g), the Court finds respecting the nature

of the offenses charged in the Indictment that the charges against Defendant are so serious that

Congress has made the charge contained in Count One punishable by a mandatory minimum five

year term of imprisonment if successfully prosecuted and the maximum sentence upon the charges

as ten and twenty years. The charges contained in the Indictment also indicate conduct of Defendant

clearly regarded as violent and dangerous to our children and extremely destructive in our

communities. Defendant's conduct as charged in the Indictment is recognized to be so dangerous

and destructive that all persons convicted of such conduct are required to register for life with the

West Virginia State Police and police agencies across the country and provide their photographs,

names, addresses and other identifying information. Information about them and their activities is

regularly updated and actively monitored by the West Virginia State Police and is publicly available

on the West Virginia State Police Sex Offender Registry. Respecting the circumstances of the

offenses charged, it is evident that Defendant was sharing child pornography with others and

chatting with children. These circumstances indicate a level of activity well beyond that of a mere

observer. Defendant was a purveyor in the marketplace for child pornography and interested in contacting children.

Second, the Court finds respecting the weight of the evidence against the Defendant that the United States' case is strong because Defendant waived his rights under <u>Miranda</u> and confessed to looking at child pornography, and the Indictment indicates that his computer contained hundreds of images and videos of child pornography.

Third, taking into account Defendant's history and characteristics, the Court finds that Defendant has a history for violent conduct and threatening violence against family members. The Pretrial Services Report indicates that he was arrested for brandishing a weapon and threatening his brother, and the record contains the Domestic Violence Protective Order indicating that Defendant threatened to kill his former wife if she went to the police over his involvement in child pornography. The record further indicates that Defendant continued the conduct with which he is charged in this matter and attempted to conceal it though his former wife caught him and was obviously outraged. This suggests that at least until February, 2007, Defendant was obsessed with obtaining child pornography. On the other hand, Defendant has no history for committing sexual assault or abuse, and when asked on February 16, 2008, as he was being interrogated by the West Virginia State Police if he had contact of that sort with children, he replied emphatically as it would appear, "No, never. Never." The Court weighs these facts against the evidence that Defendant was obsessed with obtaining child pornography and was chatting with children and concludes that if Defendant had the means, he would likely attempt to access child pornography again. It is further evident that Defendant was released on bond as charges were pending against him in the Circuit Court of Raleigh County based upon the same conduct which is the basis for the charges herein and did not violate the terms and conditions of his release on bond over the approximately fourteen

month period while he was on bond. The Court does not regard Defendant's performance on State bond as any indication that he will abide by the terms and conditions of this Court's bond if released. First, the Court does not know the terms and conditions of Defendant's release on State bond and how active the State Probation Officer was in administering Defendant's release on bond while criminal proceedings were pending there. Second, the circumstances under which Defendant was released on State bond are not the same as those under which Defendant would be released in this matter. For example, it does not appear that Defendant was electronically monitored under his State bond as is required under federal law. Additionally, Defendant is facing a lengthy prison term if successfully prosecuted in this matter. The Court further finds that Defendant does not have a computer at his residence now and he is not often or ever around children where he lives or works. Beyond his wife, Defendant has strong family ties in this District. The Court regards these facts of little weight in determining whether the presumption that there is no condition or combination of conditions which would reasonably assure the safety of the community has been rebutted. Defendant might be restricted or prevented from further conduct such as that with which he is charged when he is in the company of his wife and relatives who now know of his past conduct, but Defendant found ways to engage in that conduct and persisted in it under similar circumstances in the past. The internet is constantly becoming more and more accessible by means of various devices, including some by which access is wireless, which can be easily obtained at home or a location nearby. The Court finds that the evidence clearly and convincingly establishes that, confined to his home and electronically monitored, Defendant would not be prevented from obtaining the means to access the internet and attempting again to obtain child pornography and in this poses a danger to children and the community.

Fourth, considering the nature and seriousness of the danger to any person and the community that would be posed by the person's release, the Court finds in view of the charges contained in the Indictment that if Defendant were released and obtained the means to access child pornography, his conduct in doing so would further foster the criminal sexual and sadistic exploitation of children and its horrific and devastating consequences. This and the evidence of Defendant's violence toward family members in the past make release on electronically monitored home confinement unacceptable.

The Court concludes therefore that the presumption that there is no condition or combination of conditions which would reasonably assure the safety of the community has not been rebutted. By operation of the presumption, there is no condition or combination of conditions of release on bond which would reasonably assure the safety of another person or the community. Accordingly, it is hereby **ORDERED** that the United States' Motion to detain Defendant pending further proceedings in the District Court (Document No. 6.) is **GRANTED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: April 29, 2008.

R. Clarke VanDervort
United States Magistrate Judge

*Counsel for the United States:*

Karen L. Bleattler, Esquire
Assistant United States Attorney
Post Office Box 1713
Charleston, West Virginia 25326-1713
(304) 345-2200

*Counsel for Defendant:*

Derrick W. Lefler, Esquire
GIBSON, LEFLER & ASSOCIATES
1345 Mercer Street
Princeton, West Virginia 24740
(304) 425-8276